### C. HOWARD HUNT v. CHARLES E. PRICE.

Submitted March 21, 1902—Decided June 9, 1902.

A jury, under the charge of the judge that there could be no verdict for the defendant without some damages found, and, if found for the defendant, the amount must be $533.50 and interest, returned a general verdict for the defendant, and also a paper given by the judge to the jury containing a memorandum of a calculation of interest at six per cent. upon $533.50 for twelve years, making a total of $917.62. *Held*, that the *postea* was properly signed by the judge for $917.62, the paper submitted by the jury being a part of their verdict and showing a finding for that sum.

---

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and GARRETSON.

For the plaintiff, *Joseph H. Gaskill.*

For the defendant, *Frederick A. Rex.*

The opinion of the court was delivered by

GARRETSON, J.   The plaintiff sued the defendant for commissions and profits on lots sold, and the defendant, with his plea of payment, filed a notice of set-off.

Upon the trial the judge charged the jury that they were trying, in effect, two cases, and that they must give a verdict either for the plaintiff for the sum that he had proved against the defendant, or else for the defendant for the sum that he had proved against the plaintiff.

The court further charged the jury as follows: · "I have written down here these ultimate figures, which you may take with you, and I have written them in this way: 'Amount due if plaintiff has satisfied the jury that he had the due-bills signed by Price, $158.50. If plaintiff has not satisfied the jury that he had Price's due-bills, verdict to be for the defendant. The amount due to the defendant, if Hunt has not proved that he had the due-bills signed by Price, is $533.50. Twelve years' interest to be given to the successful party.' "

The jury returned a general verdict for the defendant, and at the same time the foreman handed to the clerk the paper which the judge had given them, as above set forth.   The entry upon the clerk's book was "Verdict for the defendant."

Upon the back of the paper which the judge had given to the jury, and which the foreman handed to the clerk when the verdict was rendered, was a memorandum of a calculation of interest at six per cent. upon $533.50 for twelve years, making $384.12, and an addition of that amount to the $533.50, making a total of $917.62, for which amount the *postea* was signed.   When the *postea* was presented to the judge for his signature, he required that the defendant have opportunity to be heard upon whether he should sign the *postea* for the amount stated, and, after hearing, so signed it, granting the rule to show cause which is now being determined.

This is not a case of changing or moulding a verdict, or attempting to find out something outside of the verdict what the jury meant.   Under the charge of the judge there could be no verdict for the defendant without some damages found,

and, if found for the defendant, the amount must be $533.50 and interest, and the paper submitted to the clerk showed that that was the understanding of the jury, and the paper submitted was part of the verdict, and showing, as it did, a finding for the defendant of $917.62, the judge was required to sign a *postea* for that amount.

The rule to show cause will be discharged.